**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LUIS URGILES, ANGEL MENDIOLA, ALEJANDRO MORALES, and LEONEL NOLASCO, | ) ) ) ) | |
| Plaintiffs, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| ROLL & ROLL METAL FABRICATORS, INC., ANTONIO ALVAREZ, individually, and JOSE ALVAREZ, individually, | ) ) ) | Magistrate Judge |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs Luis Urgiles, Angel Mendiola, Alejandro Morales, and Leonel Nolasco (hereinafter, collectively "Plaintiffs"), by and through their attorneys, for their Complaint against Defendants Roll & Roll Metal Fabricators, Inc., Antonio Alvarez, individually, and Jose Alvarez, individually, (hereinafter, collectively "Defendants") state as follows:

**INTRODUCTION**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for Defendants' failure to pay Plaintiffs: (1) overtime wages for all time worked in excess of forty (40) hours individual workweeks in violation of the FLSA and the IMWL, (2) earned wages for all time worked at the rate agreed upon by the parties in violation of the IWPCA, and (3) vacation pay accrued at the end of their employment in violation of the IWPCA.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. §
1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs'
state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district because Defendants' place of business is
located within this judicial district and the events giving rise to Plaintiffs' claims occurred in this
judicial district.

**PARTIES**

**A.      Plaintiffs**

4.      During the course of his employment, Plaintiff Luis Urgiles:

      a.      has handled goods that move in interstate commerce;

      b.      was employed by Defendants as an "employee" within the meaning of the
            FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3(d), and the
            IWPCA, 820 ILCS 115/2'

      c.      resides in and is domiciled in this judicial district.

5.      During the course of his employment, Plaintiff Angel Mendiola:

      a.      has handled goods that move in interstate commerce;

      b.      was employed by Defendants as an "employee" within the meaning of the
            FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3(d), and the
            IWPCA, 820 ILCS 115/2'

      c.      resides in and is domiciled in this judicial district.

6.      During the course of his employment, Plaintiff Alejandro Morales:

      a.      has handled goods that move in interstate commerce;

2

        b.      was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3(d), and the IWPCA, 820 ILCS 115/2'

        c.      resides in and is domiciled in this judicial district.

7.      During the course of his employment, Plaintiff Leonel Nolasco:

        a.      has handled goods that move in interstate commerce;

        b.      was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3(d), and the IWPCA, 820 ILCS 115/2'

        c.      resides in and is domiciled in this judicial district.

**B.    Defendants**

8.      Within the relevant time period, Defendants have operated their metal fabricating business and have done business as Roll & Roll Metal Fabricators within this judicial district.

9.      Within the relevant time period, Defendant Roll & Roll Metal Fabricators, Inc.:

        a.      has been a corporation organized under the laws of the State of Illinois;

        b.      has conducted business in Illinois and within this judicial district;

        c.      has done business as Roll & Roll Metal Fabricators within this judicial district;

        d.      has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) of the FLSA;

     e.     has had two (2) or more employees who have handled goods that moved in interstate commerce; and

     f.     was Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

10.     Within the relevant time period, Defendant Antonio Alvarez:

     a.     has been the owner and operator of Defendant Roll & Roll Metal Fabricators, Inc.;

     b.     among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiffs, to authorize the payment of wages to Plaintiffs, to sign on the company's checking account, including any payroll account, and to participate in any decisions regarding the operation of the business and employment policies and practices;

     c.     operates within this judicial district and within the state of Illinois; and

     d.     was Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

11.     Within the relevant time period, Defendant Jose Alvarez:

     a.     has been an operator of Defendant Roll & Roll Metal Fabricators, Inc.;

     b.     among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiffs, to authorize the payment of wages to Plaintiffs, to sign on the company's checking account, including any payroll account, and to participate in any decisions regarding the operation of the business and employment policies and practices;

     c.     operates within this judicial district and within the state of Illinois; and

      d.        was Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the

            IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

## FACTUAL BACKGROUND

12.      Defendants own and operate Roll & Roll Metal Fabricators, their metal fabricating business, located on 2310 W. 58th Street in Chicago, Illinois.

13.      Since approximately April 2002 through approximately June 11, 2015, Plaintiff Urgiles was employed by Defendants to work at Defendants' metal fabricating business.

14.      Since approximately 2011 through approximately September 2015, Plaintiff Mendiola was employed by Defendants to work at Defendants' metal fabricating business.

15.      Since approximately January 2006 through approximately October 2015, Plaintiff Morales was employed by Defendants to work at Defendants' metal fabricating business.

16.      Since approximately February 2014 through approximately July 2015, Plaintiff Nolasco was employed by Defendants to work at Defendants' metal fabricating business.

17.      Throughout their employment with Defendants, Plaintiffs were paid at an agreed-upon rate by payroll check on a weekly basis for all hours worked in a given pay period.

18.      Within the three (3) years prior to Plaintiffs filing this Complaint, Defendants regularly and customarily required Plaintiffs to work in excess of forty (40) hours in individual workweeks, but did not compensate them at one and a half times their regular rate of pay for time worked in excess of forty (40) hours in individual workweeks.

19.      Instead, Defendants would compensate Plaintiffs at straight time for all hours worked, including hours in excess of forty (40), during the weekdays, such as Mondays through Fridays, but would compensate Plaintiffs at the premium overtime rate for hours worked during the weekends, such as Saturdays and Sundays.

20.     Defendants' failure to compensate Plaintiffs at one and a half times their regular rate of pay for all hours worked in excess of forty (40) in individual workweeks resulted in overtime violations of the FLSA and the IMWL.

21.     During the relevant time period, Defendants maintained a policy and practice that failed to compensate Plaintiffs for all hours worked at their agreed-upon hourly rate. For example:

        a.     Defendants maintained a policy that required Plaintiffs to punch in five (5) minutes before their scheduled start time and to punch out five (5) minutes after their scheduled end time. If Plaintiffs punched in four (4) minutes before up to and including at their scheduled start time, Defendants would deduct 15 minutes from Plaintiffs' hours worked for that workday, regardless if Plaintiffs performed work during that time. Similarly, if Plaintiffs punched out at their scheduled end time up to and including four (4) minutes after their scheduled end time, Defendants would deduct 15 minutes from Plaintiffs' hours worked for that workday, regardless if Plaintiffs performed work during that time.

22.     Defendants' policy and practice, as described in paragraph 22, *supra.*, resulted in Defendants' failure to compensate Plaintiffs for all hours worked at their agreed-upon hourly rate and in violation of the IWPCA.

23.     During the relevant time period, Defendants maintained a policy and practice of providing their employees with paid vacation time after one year of employment with Defendants. Therefore, during every year of employment with Defendants, Plaintiffs received or should have received paid vacation that varied in length of time based on their years of employment.

24.     Pursuant to Illinois law, vacation pay vests as it is earned and must be paid upon termination of employment.

25.     At the time of each Plaintiffs' termination of employment with Defendants, they were not compensated for any accrued vacation time.

26.     Defendants' failure to compensate Plaintiffs for any accrued vacation time at the end of their employment with Defendants resulted in a violation of the IWPCA.

## COUNT I
### Violation of the FLSA – Overtime Wages

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 26 as though set forth herein.

27.     This Count arises from Defendants' violation of the FLSA for Defendants' failure to pay Plaintiffs one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks, as described more fully in paragraphs 18-20, *supra.*

28.     Defendants directed Plaintiffs to work, and Plaintiffs, in fact, did work in excess of forty (40) hours in individual workweeks.

29.     Plaintiffs were not exempt from the overtime provisions of the FLSA.

30.     Plaintiffs were entitled to be paid overtime wages at the premium rate of one and a half times his regular hourly rate for all time worked in excess of forty (40) hours in individual workweeks.

31.     Defendants did not pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

32.     Defendants' failure to pay Plaintiffs their overtime wages for all time worked in excess of forty (40) hours worked in individual workweeks was a violation of the FLSA.

33.     Plaintiffs are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per workweek was a willful violation of the FLSA.

WHEREFORE, Plaintiffs prays for a judgment against Defendants as follows:

A.     A judgment in the amount of unpaid overtime wages for all time Plaintiffs worked in excess of forty (40) hours in individual workweeks;

B.     Liquidated damages in the amount equal to the unpaid overtime wages;

C.     That the Court declare that Defendants violated the FLSA;

D.     That the Court enjoin Defendants from violating the FLSA;

E.     Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

F.     Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the IMWL – Overtime Wages

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 33 as though set forth herein.

34.     This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual workweeks, as described more fully in paragraphs 18-20, *supra.*

35.     Defendants directed Plaintiffs to work, and Plaintiffs did, in fact, work in excess of forty (40) hours in individual workweeks in the three (3) years prior to Plaintiffs filing this lawsuit.

36.     Plaintiffs were not exempt from the overtime provisions of the IMWL.

37.     Plaintiffs were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

38.     Defendants did not pay Plaintiffs overtime wages at the premium rate of one and a half times their regularly hourly rate for all time worked in excess of forty (40) hours in individual workweeks.

39.     Defendants' failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the IMWL.

40.     Pursuant to 820 ICS 105/12(a), Plaintiffs are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this lawsuit up until the entry of judgment in this case.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.     A judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs in excess of forty (40) hours in individual workweeks as provided by the IMWL;

B.     Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     That the Court declare that Defendants have violated the IMWL;

D.     That the Court enjoin Defendants from continuing to violate the IMWL;

E.     Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

F.     Such other and further relief as this Court deems appropriate.

## COUNT III
### Violation of the IWPCA – Earned Wages

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 40 as though set forth herein.

41.     This Count arises from Defendants' violation of the IWPCA for Defendants' failure to pay Plaintiffs their earned wages for all time worked at the rate agreed to by the parties, as described more fully in paragraphs 21-22, *supra.*

42.     During the course of Plaintiffs' employment with Defendants, the parties had an agreement that Defendants would compensate Plaintiffs at the agreed-upon rates for all time worked.

43.     Defendants did not compensate Plaintiffs at the agreed-upon rate for all time worked.

44.     Pursuant to the IWPCA, Plaintiffs were entitled to be paid for all time worked at the rate agreed-upon by the parties.

45.     Defendants' failure to compensate Plaintiffs for all time worked at the rate agreed-upon by the parties was a violation of the IWPCA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.      A judgment in the amount of unpaid earned wages for all time worked by Plaintiffs as provided by the IWPCA;

B.      Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS 115/12(a);

C.      That the Court declare that Defendants have violated the IWPCA;

D.      That the Court enjoin Defendants from continuing to violate the IWPCA;

E.      Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 115/1 *et seq.*; and

F.      Such other and further relief as this Court deems appropriate.

## COUNT IV
### Violation of the IWPCA – Vacation Pay

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 45 as though set forth herein.

46.     This Count arises from Defendants' violation of the IWPCA for Defendants' failure to pay Plaintiffs their accrued vacation pay, as described more fully in paragraphs 23-26, *supra.*

47.     During the course of Plaintiffs' employment with Defendants, the parties had an agreement that Defendants would compensate Plaintiffs with paid vacation time after one year of employment.

48.     At the end of Plaintiffs' employment with Defendants, Defendants did not compensate Plaintiffs with their accrued vacation pay.

49.     Pursuant to the IWPCA, Plaintiffs were entitled to be compensated for any and all accrued vacation time.

50.     Defendants' failure to compensate Plaintiffs for any and all accrued vacation time at the end of Plaintiffs' employment with Defendants was a violation of the IWPCA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.     A judgment in the amount of unpaid accrued vacation time as provided by the IWPCA;

B.     Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS 115/12(a);

C.     That the Court declare that Defendants have violated the IWPCA;

D.     That the Court enjoin Defendants from continuing to violate the IWPCA;

E.     Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 115/1 *et seq.*; and

F.     Such other and further relief as this Court deems appropriate.

                                        Respectfully submitted,

Dated: February 4, 2016                 s/Lydia Colunga-Merchant
                                        Lydia Colunga-Merchant
                                        Yolanda Carrillo
                                        Raise the Floor Alliance – Legal Dept.
                                        1 N. LaSalle, Suite 1275
                                        Chicago, Illinois 60602
                                        (312) 795-9115

                                        Attorneys for Plaintiffs

11